IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCIO HERNANDEZ, on behalf of herself and all other similarly situated employees, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Case No. |
| v. | ) ) ) |
| GILLEX FOODS, INC., d/b/a SUBWAY, SAB FOOD, INC., d/b/a SUBWAY, and MINHAZ LAKHANI, | ) ) ) ) |
| Defendants | ) ) |

## COMPLAINT

Plaintiff Rocio Hernandez, through her attorneys, on behalf of herself and all other similarly situated employees, known and unknown, for her Complaint against Gillex Foods, Inc., d/b/a Subway, SAB Food, Inc, d/b/a/ Subway, and Minhaz Lakhani, in his individual capacity (collectively "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff and other hourly paid employees overtime pay for the time they worked in excess of forty (40) hours in one or more individual workweeks.

2.  Plaintiff's consent form to bring this case as a collective action under the FLSA for failure to pay overtime pay is attached hereto as Exhibit A.

### THE PARTIES

3.  Plaintiff Rocio Hernandez resides in and is domiciled within this judicial district.

4. Defendant Gillex Foods, Inc. operates a Subway franchise in Skokie, Illinois, within this judicial district.

5. Defendant SAB Food, Inc. operates a Subway franchise in Evanston, Illinois, within this judicial district.

6. Defendant Gillex Foods, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1).

7. Defendant SAB Food, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1).

8. Defendant Gillex Foods, Inc. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. Defendant SAB Food, Inc. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

10. Between approximately November, 2013 and April 22, 2015, Plaintiff was employed by Defendant Gillex Foods, Inc, as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

11. In one or more work weeks between approximately November, 2013 and April 22, 2015, Plaintiff was employed by Defendant SAB Food, Inc. as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

12. In the prior three years, Plaintiff was employed by Defendant Gillex Foods, Inc. as an "employee" as defined by the IMWL, 820 ILCS § 105/3(d).

13. In the prior three years, Plaintiff was employed by Defendant SAB Food, Inc. as an "employee" as defined by the IMWL, 820 ILCS § 105/3(d).

14. During the course of her employment by Defendant Gillex Foods, Inc., Plaintiff handled goods that moved in interstate commerce.

15. During the course of her employment by Defendant SAB Food, Inc., Plaintiff handled goods that moved in interstate commerce.

16. During the course of her employment by Defendant Gillex Foods, Inc., Plaintiff was not exempt from the overtime pay provision of the FLSA, 29 U.S.C. § 201, *et seq*.

17. During the course of her employment by Defendant SAB Foods, Inc., Plaintiff was not exempt from the overtime pay provision of the IMWL, 820 ILCS §105/1, *et seq*.

18. Defendant Gillex Foods, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

19. Defendant Gillex Foods, Inc. was Plaintiff's "employer" as that term is defined by the IMWL, 820 ILCS § 105/3(c).

20. Defendant SAB Food, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

21. Defendant SAB Food, Inc. was Plaintiff's "employer" as that term is defined by the IMWL, 820 ILCS § 105/3(c).

22. Defendant Minhaz Lakhani is involved in the day to day business operations of Defendant Gillex Foods, Inc. Among other things, Defendant Minhaz Lakhani hires and fires employees, directs and supervises the work of employees, signs on checking accounts, including payroll, and participates in decisions regarding employee compensation and capital expenditures.

23. Defendant Minhaz Lakhani is involved in the day to day business operations of Defendants SAB Food, Inc. Among other things, Defendant Minhaz Lakhani hires and fires

employees, directs and supervises the work of employees, signs on checking accounts, including payroll, and participates in decisions regarding employee compensation and capital expenditures.

24. Defendant Minhaz Lakhani was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

25. Defendant Minhaz Lakhani was Plaintiff's "employer" as that term is defined by the IMWL, 820 ILCS § 105/3(c).

## JURISDICTION AND VENUE

26. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

27. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

28. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND FACTS

29. During her first 90 days of employment, Plaintiff was paid $7.75 per hour. Plaintiff was thereafter paid $8.25 per hour until approximately September, 2014. In or around September, 2014, Plaintiff received a pay increase to $9.00 per hour. Plaintiff's employment terminated on or about April 22, 2015.

30. In one or more work weeks during her employment by one or more of the Defendants, Plaintiff worked in excess of forty (40) hours.

31. For example, Plaintiff was often scheduled to work seven days a week, and in excess of fifty (50) hours. See, e.g., Exhibit B (showing Plaintiff's scheduled hours of work for

bi-weekly pay period ending March 2, 2014).

32. Plaintiff was not paid at the rate of one and half times her regular rate for the time she worked in excess of forty (40) hours in one or more work weeks. For example, for the bi-weekly pay period ending March 2, 2014, Defendants split Plaintiff's compensation between payroll checks issued by Gillex Foods, Inc., and SAB Food, Inc. See Exhibit C. Plaintiff received one paycheck from Gillex Foods, Inc. for 80.00 hours and a second check 22.75 hours from SAB Food, Inc. All of Plaintiff's compensation was paid at her regular rate of pay of $8.25 per hour. *Id.*

33. During the pay period ending March 2, 2014, all of Plaintiff's work was performed at Defendant's Skokie, Illinois Subway shop.

34. At other times during her employment, despite working more than 40 hours in an individual work week and more than 80 hours in the bi-weekly pay period, Plaintiff was paid 80 hours in a payroll check from Gillex Foods, Inc, and the balance of her compensation in cash, all at her regular straight time rate of pay. See, e.g., Exhibit D, a note included in Plaintiff's paycheck showing that for 134.5 hours worked in a bi-weekly pay period, Plaintiff was paid 80 hours in check and 54.5 hours in cash.

35. In one or more work weeks in the last three (3) years, other hourly paid employees employed by Gillex Foods, Inc. and SAB Food, Inc. worked in excess of forty (40) hours. See, e.g., Ex. B.

36. In one or more work weeks in the last three (3) years, other hourly paid employees who worked for Gillex Foods, Inc. and SAB Food, Inc. were not paid overtime pay at the rate of one and one half times their regular rate of pay for time they worked in excess of forty (40) hours

5

per week.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiff restates and incorporates paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

37. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, in failing to pay overtime pay to Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in one or more individual workweeks.

38. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

39. Pursuant to 29 U.S.C. § 207, hourly paid employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

40. In one or more individual workweeks, Plaintiff was not compensated at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

41. In one or more individual workweeks, other hourly paid employees were not compensated at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

42. Defendants' failure to pay overtime pay to Plaintiff in one or more individual workweeks for all time worked in excess of forty (40) hours per week was a violation of the Fair

Labor Standards Act, 29 U.S.C. § 207.

43. Defendants' failure to pay overtime pay to other hourly employees in one or more individual workweeks for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

44. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime pay for all time worked in excess of forty (40) hours per week.

45. Defendants willfully violated the Fair Labor Standards Act by refusing to pay similarly situated hourly employees overtime pay for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's and similarly situated employees' hourly wage rate for all time which Plaintiff and similarly situated employees worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

C. Reasonable attorneys' fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

46. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

47. The matters set forth in this Count arise from Defendants' violation of the overtime

compensation provisions of the IMWL, 820 ILCS 105/4a.

48. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for all time she worked in excess of forty (40) hours in individual workweeks.

49. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time she worked in excess of forty (40) hours in one or more individual workweeks.

50. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times her regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

                                                    Respectfully submitted,

Dated:  May 18, 2015                         <u>s/ Douglas M. Werman</u>
                                                    Douglas M. Werman (dwerman@flsalaw.com)
                                                    Maureen A. Salas (msalas@flsalaw.com)
                                                    Werman Salas P.C.
                                                    77 West Washington Street, Suite 1402
                                                    Chicago, Illinois 60602
                                                    (312) 419-1008

                                                    Attorneys for Plaintiff